IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ATF TRUCKING, L.L.C | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 06-4627 |
| | : | |
| QUICK FREIGHT, INC., | : | |
| TRANSPORTATION RESOURCES, | : | |
| INC., and JOSEPH E. WORKMAN | : | |

### MEMORANDUM OPINION

**Savage, J.**                                                                                   **December 23, 2008**

Relying on the same contract that it had breached, plaintiff ATF Trucking, L.L.C. ("ATF") seeks attorneys' fees from defendants Joseph Workman, Quick Freight, Inc., and Transportation Resources, Inc. (collectively referred to as "Workman"). ATF contends that despite a finding that it was not entitled to contract damages arising out of Workman's termination of the contract with ATF, it is a prevailing party because Workman was ordered to return the unearned portion of a signing bonus. Workman counters that ATF's claim for attorneys' fees could only have been entertained during trial as an element of damages and that ATF's breach of the contract bars it from recovering attorneys' fees under the contract.

Because ATF breached its agreement with Workman, it did not prevail on its claim for damages and cannot now recover attorneys' fees.[1] *ATF Trucking L.L.C. v. Quick Freight, Inc.*, No. 06-4627, 2008 WL 2940795, at *3 (E.D. Pa. July 29, 2008). Thus, the motion for attorneys' fees will be denied.

---

[1] A detailed discussion of the facts and analysis of the legal issues may be found at *ATF Trucking L.L.C. v. Quick Freight Inc.*, No. 06-4627, 2008 WL 2940795, at *1-3 (E.D. Pa. July 29, 2008).

After a non-jury trial, judgment was entered against Workman and in favor of ATF. *ATF Trucking L.L.C.*, 2008 WL 2940795, at *3. However, the judgment followed a finding that ATF had breached its contractual obligations under the agency agreement with Workman, entitling Workman to terminate the contract. *Id.* Consequently, ATF was not awarded any of its claimed contract damages for termination of the contract. *Id.* Nevertheless, as a matter of equity, Workman was ordered to return $85,730.22, the unearned portion of the $100,000.00 "sign-on bonus" that ATF had advanced him. *Id.*

The agreement at issue allows for the recovery of "the costs of suit including the reasonable fees of counsel if [ATF] is the prevailing party" in a suit to enforce any provision of the agreement.[2] Sales Agency Agreement at 7. Under the agreement, ATF is deemed the prevailing party in an action for damages where "all or any portion of those damages are awarded." *Id.* Thus, ATF's entitlement to attorneys' fees depends on the contract.

For the same reason that ATF is not entitled to and did not receive damages for Workman's termination of the contract, it cannot recover attorneys' fees. As found at trial, "ATF breached its contractual obligations under the contract and impaired Workman's ability to perform his obligations." *ATF Trucking L.L.C.*, 2008 WL 2940795, at *3. Parties in material breach of an agreement "may not insist upon performance of the contract" because a material breach relieves the non-breaching party of any liability or responsibility under the contract. *Ott v. Buehler Lumber Co.*, 541 A.2d 1143, 1145 (Pa. Super. Ct. 1988)*; Oak Ridge Const. Co. v. Tolley*, 504 A.2d 1343, 1348 (Pa. Super. Ct. 1985).

---

[2]Under Pennsylvania law, which the parties agree governs, attorneys' fees are not recoverable from an adverse party absent statutory authority or a contractual obligation. *Fidelity-Philadelphia Trust Co. v. Philadelphia Transp. Co.*, 173 A.2d 109, 113 (Pa. 1961); *see also North American Specialty Ins. Co. v. Chichester Sch. Dist.*, 158 F. Supp. 2d 468, 474 (E.D. Pa. 2001).

Therefore, as a result of its conduct, ATF has forfeited its rights under the agreement and Workman is not obligated to pay attorneys' fees.

ATF is entitled only to repayment of that portion of the "sign on" bonus that Workman had not earned at the time the contract was terminated. This repayment is not a matter of contract recovery. As an equitable consideration, it merely ensures that Workman is not unjustly enriched. The award of $85,730.22 does not represent a recognition of any rights under the agreement. It is a function of equity. Workman should not be required to subsidize ATF's costs in a legal action precipitated by its own conduct. The termination of the contract, which instigated this litigation, was the end result of ATF's breach. Accordingly, ATF was not awarded the contract damages it sought in this litigation and can not now receive attorneys' fees under the contract.